SD:JPL
F. #2019R01639 / OCDETF #NY-NYE-870

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RODERICK BASTIAN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

C O M P L A I N T

Docket No. 19-MJ-1160
(21 U.S.C. §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

       PAUL SALAMON, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

       On or about December 11, 2019, within the Eastern District of New York and elsewhere, the defendant RODERICK BASTIAN did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance.

       (Title 21, United States Code, Sections 952(a) and 960)

       The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware. Where I describe the statements of others, those statements are set forth in sum and substance, and in part, unless otherwise indicated.

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been for approximately 17 years. During my career as a federal law enforcement officer, I have been involved in the investigation of numerous cases involving narcotics trafficking. I am familiar with the facts and circumstances set forth below from, among other things, my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2. Since at least May 2017, HSI has been investigating a network of international narcotics traffickers and money launders (collectively, the "Drug Trafficking Organization" or "DTO"). Based on the investigation, the Drug Trafficking Organization imports illegal narcotics, including cocaine, to the United States via John F. Kennedy International Airport ("JFK") located in Queens, New York, and elsewhere, from countries in the Caribbean Sea including the Bahamas. Based on my training, experience and participation in this investigation, one of the ways in which members of the DTO import narcotics into the United States is by partnering with airport employees who, for money, exploit their security access to foreign and domestic international airports including JFK to bypass customs and security inspections, in turn, allowing for couriers to transport the narcotics onboard commercial airline flights undetected.

3. As set forth in greater detail below, based on this investigation, HSI identified the defendant RODERICK BASTIAN as a narcotics courier linked, by at least December 2018, to the DTO's narcotics trafficking activity. As also described below, BASTIAN was arrested at JFK on or about December 11, 2019 in possession of approximately 260 grams of cocaine.

4. In connection with the investigation, by late December 2018, HSI obtained a court-authorized search warrant for the prospective tracking of a cellphone being used by another member of the DTO ("DTO Member #1"), a former commercial airline employee assigned to JFK. By that time, DTO Member #1 was suspected by HSI of being responsible for, among other things, transporting narcotics and the proceeds of narcotics sales, as well as couriers of narcotics and the proceeds of narcotics sales, to and from JFK in furtherance of the DTO's illegal activities.

5. Based in part on information obtained pursuant to that warrant, it was revealed that DTO Member #1 was located at JFK on or about December 26, 2018 between approximately 6:20 p.m. and 7:16 p.m. During that same time, on or about December 26, 2018 at approximately 6:30 p.m., the defendant RODERICK BASTIAN arrived at JFK onboard JetBlue flight 422 from the Bahamas.

6. Based on the investigation, both the defendant RODERICK BASTIAN and DTO Member #1 later both went from JFK to the Surfside Motel located at 164-33 Cross Bay Boulevard, Howard Beach, New York, approximately 4 miles from JFK. Based on records obtained from the Surfside Motel, BASTIAN checked into the motel on or about December 26, 2018 at approximately 9:00 p.m. Further, based upon information obtained pursuant to the cellphone tracking warrant, DTO Member #1 left JFK and also arrived and remained within the vicinity of the Surfside Motel between approximately 10:14 p.m. and 11:29 p.m.

7. Based on ticketing information obtained from JetBlue, it appears that the defendant RODERICK BASTIAN's December 26, 2018 flight to JFK was booked and paid for the day before, December 25, 2018, by yet another individual ("DTO Member #2").

Additionally, BASTIAN's return flight, originally scheduled for January 2, 2019, was booked and paid for by DTO Member #2 under a separate reservation. Based on my training and experience, and in context, BASTIAN's December 2018 travel appears to be consistent with that of a narcotics courier. For example, his flight reservations were one-way reservations, booked and paid for by a seemingly unrelated third party shortly before the actual flights. Accordingly, based on my training, experience, participation in this investigation and the facts described above, I believe that on or about December 26, 2018, BASTIAN transported narcotics onboard JetBlue flight 422 for the DTO and provided them to DTO Member #1 at the Surfside Motel for further distribution.

8. On or about December 11, 2019 at approximately 7:15 p.m., the defendant RODERICK BASTIAN arrived at JFK onboard JetBlue flight 422 from the Bahamas.

9. Based on records obtained from JetBlue, the defendant RODERICK BASTIAN's flight reservation was booked only one day in advance and he listed the Surfside Motel as his destination within the United States.

10. Upon his arrival at JFK, BASTIAN was selected for an enforcement examination by United States Customs and Border Protection ("CBP") officers. The defendant RODERICK BASTIAN presented one suitcase, a search of which yielded negative results for contraband. Based, in part, on his connection to this investigation, CBP officers detained BASTIAN for questioning. HSI agents subsequently responded to question BASTIAN.

11. Prior to questioning the defendant RODERICK BASTIAN, HSI agents advised him of his Miranda warnings. BASTIAN waived his rights and agreed to speak

with HSI agents. During the interview, BASTIAN stated the following, in sum and substance, and in part:

    a.    In connection with his prior trip, BASTIAN stated that he imported cocaine into the United States via JFK on or about December 26, 2018 inside a checked bag. BASTIAN met and described an individual consistent with the physical description of DTO Member #1 at the Surfside Hotel and provided the bag that he believed contained cocaine to DTO Member #1 for further distribution. BASTIAN was supposed to be paid $1,000 for trafficking the cocaine, but denied actually being paid.

    b.    In connection with his current trip, BASTIAN stated that he was contacted to import cocaine into the United States via JFK, agreed to do so, and that was the purpose for his travel on or about December 11, 2019. BASTIAN initially denied, however, actually bringing cocaine into the United States this time and claimed that the plan to import cocaine was abandoned for unknown reasons.

    c.    During subsequent questioning, however, BASTIAN admitted that he had concealed cocaine in his groin area.

    12.    During a pat-down search of the defendant RODERICK BASTIAN's groin area, HSI agents discovered a vacuum sealed package containing approximately 21 pellets. One of the pellets was probed, which revealed a white-powdery substance that tested positive for the presence of cocaine. The total gross weight of the cocaine recovered from the defendant was approximately 260 grams.

WHEREFORE, your deponent respectfully requests that the defendant RODERICK BASTIAN, be dealt with according to law.

_____
PAUL SALAMON
Special Agent, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me this
12th day of December, 2019

_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK